**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

        Petitioners,

vs.                                                                                                                                                                                                                                                         No. MC 07-30 JB

ANNETTE STOESSER, M.D.,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) First Petition to Enforce IRS Summons, filed April 30, 2007 (Doc. 1); and (ii) the Respondent's Motion to Dismiss Petition to Enforce IRS Summons (Fifth Amendment) and Memorandum in Support of Protection Against Self-Incrimination Under the Fifth Amendment, filed August 6, 2007 (Doc. 6). The primary issue is whether the Court should dismiss the Internal Revenue Service Petition to Enforce IRS Summons because of Plaintiff Dr. Annette Stoesser's Fifth Amendment rights. Because the Petitioners have made a prima facie case for enforcement of the IRS summonses directed at Stoesser because they were issued for a proper purpose, because the information that the IRS seeks may be relevant to the summonses' purposes, the administrative steps of the Internal Revenue Code ("I.R.C.") have been followed, and because there is no referral of Stoesser's case to the Department of Justice, the Court will not dismiss the Petition to enforce summonses to Stoesser. Stoesser cannot resist compliance with the summonses with a blanket assertion of her Fifth Amendment privileges. Stoesser has not demonstrated that she has anything more than a generalized fear of prosecution, because the IRS has not made a referral of her case to the Department of Justice. The Court will grant the First Petition

to Enforce IRS Summons and deny the Respondent's Motion to Dismiss Petition to Enforce IRS Summons (Fifth Amendment) and Memorandum in Support of Protection Against Self-Incrimination Under the Fifth Amendment.

## FACTUAL BACKGROUND

The IRS issued two Summonses in September 2006 for Stoesser's records for 2000, 2002-2005, and for September 1, 2005, through August 31, 2006.  See First Petition to Enforce IRS Summons ("Petition"), filed April 30, 2007 (Doc. 1), Exhibits A1 and A2, Summonses (issued September 22, 2006 ).  The Petitioners represent that one summons seeks testimony and the production of information for 2000 and 2002-2005, which the IRS needs to determine  Stoesser's tax liability for those years.  The information sought will assist the IRS in filing returns for those years for her, because she filed no returns.  See Exhibit A1.  The Petitioners represent that the other summons seeks testimony and the production of information from September 1, 2005, through August 31, 2006, which the IRS needs to determine Stoesser's current ability to pay her delinquent taxes for 1990, 1992-1996, and 2001.  See Exhibit A2.

The Petitioners represent that, on September 27, 2006, IRS Revenue Officer Mike Pryor served upon Stoesser both IRS Summonses and a Form 433-A (Collection Information Statement ("CIS") for Wage Earners and Self-Employed Individuals), asking Stoesser to produce certain information on October 24, 2006. See id. ¶ 4, at 2; Exhibits A3-A4, Service of Summons, Notice and Recordkeeper Certificates (dated September 26, 2006). The Petitioners represent that Stoesser did not appear on October 24, 2006, as required by the summonses. See Petition, Exhibit A, Declaration of Mike Pryor, IRS Revenue Officer ¶ 5, at 2 (executed April 27, 2007)("Pryor Decl."). On February 15, 2007, the United States Attorney's Office sent Stoesser a demand/last chance letter for the summoned information, asking Stoesser to meet with Mr. Pryor on March 21, 2007, at the

IRS office in Roswell, New Mexico.  See Petition, Exhibit A6, Letter from Cynthia Weisman to Stoesser (dated February 15, 2007)("USAO Letter").

The Petitioners represent that on March 21, 2007, Stoesser appeared at the IRS office in Roswell to meet with Mr. Pryor, but invoked the Fifth Amendment to each question asked by Mr. Pryor.  See Pryor Decl. ¶ 7, at 2.  On March 21, 2007, Stoesser filled out a Collection Information Statement for Businesses by putting "5th" as the answer to all questions.  Response, Exhibit B2, Form 433-B, Collection Information Statement for Businesses ("Form 433-B"). On the last page of that form, Stoesser stated: "I have taken the 5th Amendment as any answer (true or false) or information [that] might be held against me if I should be accused of a criminal offense." Id. at 5. On that same date, Stoesser also filled out a Collection Information Statement for Wage Earners and Self-Employed Individuals where she also wrote "5th" to answers to almost all of the questions. Response, Exhibit B3, Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals ("Form 433-A").  Stoesser wrote on that form: "NOTE: I have taken my 5th Amendment privilege to protect myself in the case of a future problem or criminal accusation."  Id. at 6.  The Petitioners represent that Stoesser has not provided any of the information requested in either IRS Summons.  See id. ¶ 8, at 2.

## PROCEDURAL BACKGROUND

On April 30, 2007, the Petitioners filed their First Petition to Enforce IRS Summons. See Petition.  The Petitioners requested an Order to Show Cause from the Court

> A. Directing Respondent Annette Stoesser, M.D., to appear before this Court at such time as may be fixed by the Court to show cause, if any, why an order should not be issued directing and commanding her to appear before an officer of the IRS at such time and place as the Court may order, to provide the Requested Information as stated in both IRS Summonses . . . .
>
> B. That the Order to Show Cause provide that service of the order and a copy of this

>Application and the attached exhibits will be made on Respondent Annette Stoesser, M.D., via personal service.
>
>C. That if Respondent Annette Stoesser, M.D., fails to appear as ordered above she may be held in contempt for failing to comply with this Court's Order, she may be arrested for civil contempt of Court, and she may be held until such time as she can appear before this Court to show cause why she failed to comply with the direct order of this Court, and the Court may issue another Order to serve as a warrant for the immediate arrest of Respondent Annette Stoesser, M.D., by the United States Marshal[l] for this District, or by any of his deputies.
>
>D. For such other and further relief as may be necessary or appropriate.

Petition at ¶¶ A-D, at 3-4. On July 18, 2007, the Court ordered Stoesser to appear at a hearing on August 6, 2007 "to show cause why [she] should not comply with and obey the IRS summons served upon her in September 2006, by IRS Revenue Officer Mike Pryor, by producing the records, documents and information demanded by the Summons." Order to Show Cause, filed July 18, 2007 (Doc. 3).

On August 6, 2007, the Court held the show-cause hearing. At the hearing, Stoesser asked the Court for a ruling whether she could rely upon the Fifth Amendment. See Transcript of Hearing at 3:21-4:1 (taken August 6, 2007)(Stoesser).[1] Stoesser did not indicate whether she had any opposition to appearing at the IRS offices at 10:00 a.m. on August 28, 2007. See id. at 4:7-10 (Court & Stoesser). Stoesser stated, however, "[w]ell, only if you give a ruling that says I may not stand on the Fifth Amendment, maybe I will have to regroup, I guess. I don't really know what to say now." Tr. at 4:11-13 (Stoesser).

The Petitioners argued that the Fifth Amendment cannot be an absolute bar to IRS seeking compliance with its summons. See id. at 4:17-21 (Weisman). The Petitioners contended that

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Stoesser's continued failure to cooperate with it would lead to contempt of a civil nature, not criminal liability.  See id. at 5:14-16 (Weisman).

On August 6, 2007, the same day of the show-cause hearing, Stoesser submitted a motion to dismiss the Petition.  See Motion to Dismiss Petition to Enforce IRS Summons (Fifth Amendment) and Memorandum in Support of Protection Against Self-Incrimination Under the Fifth Amendment, filed August 6, 2007 (Doc. 6)("Motion").  Stoesser argues that she cannot be compelled to produce records or answer any questions that may tend to incriminate her after she has properly invoked her right against self-incrimination.  See Motion at 1.  Stoesser contends that the records that the Petitioners seek are private and not public records.  See Motion at 6.  Stoesser argues that no sanctions whatsoever can be imposed upon her for her valid assertion of the right against self-incrimination.  See id.  Stoesser asserts that her fear of self-incrimination is substantial and real.  See id. at 6-7.  In conclusion, Stoesser states that she "has validly claimed and is entitled to protection against self-incrimination provided by the Fifth Amendment to the United States Constitution."  Id. at 7.

The Petitioners responded on August 20, 2007 to Stoesser's Motion.  See Government's Response to Motion to Dismiss Petition to Enforce IRS Summons [Doc. 6, filed 8/6/07, Motion to Dismiss (Fifth Amendment)], filed August 20, 2007 (Doc. 7)("Response").  The Petitioners contend that "[t]he IRS has the authority to examine records, issue summonses, and take testimony."  Id. at 3.  The Petitioners argue that the IRS may use that authority to (i) ascertain the correctness of any return; (ii) make a return where none has been made; (iii) determine the liability of any person for any internal revenue tax; (iv) collect any such liability; or (v) inquire into any offense connected with the administration or enforcement of the internal revenue laws.  See id. at 3 (citing  28 U.S.C. § 7602; United States v. Euge, 444 U.S. 707, 710-11 (1980); United States v. LaSalle Nat'l Bank,

437 U.S. 298, 308 (1978); <u>United States v. Berg</u>, 20 F.3d 304, 308 (7th Cir. 1994)).

The Petitioners argue that the IRS has established a prima facie case for enforcement of the summonses because:

> (i) the IRS is conducting the current investigation of Respondent for legitimate purposes, as stated above; (ii) the information the IRS seeks in its summonses in this case is relevant to the purposes of the investigation in that the testimony and documents sought will assist in determining Respondent's current ability to pay her delinquent taxes and the best available means for collecting those taxes, and to determine Respondent's tax liability for 2000 and for 2002-2005; (iii) the IRS does not already possess the requested information (while it has some data for the years in question, it is insufficient to complete income tax returns); (iv) the administrative steps required by the Internal Revenue Code were followed; and (v) a criminal referral has not been made to the Department of Justice.

Response at 4. The Petitioners contend that Stoesser has asserted a "blanket objection" based on the Fifth Amendment, "which is not a viable defense to the issuance of an IRS summons." Response at 6 (citing <u>United States v. Schmidt</u>, 816 F.2d 1477, 1481-82 (10th Cir. 1987)). The Petitioners argue that, under <u>United States v. Schmidt</u>, Stoesser must "demonstrate that she has a reasonable cause to apprehend danger upon giving a responsive answer that would support a conviction or would furnish a link in a chain of evidence needed to prosecute [her] for a violation of the criminal [tax] statutes." Response at 6-7 (internal quotations omitted)(alterations in the original). The Petitioners contend that Stoesser's "repeated statements invoking the privilege clearly amount to no more than speculative and generalized allegation that she would incriminate herself if she answered any questions." Response at 7-8 (internal quotations omitted). The Petitioners argue that Stoesser has not overcome their prima facie case by showing that they acted in bad faith or that they attempted to abuse court process. See <u>id.</u> at 8 (citing <u>United States v. Balanced Fin. Mgt.</u>, 769 F.2d 1440, 1444 (10th Cir. 1977) and <u>United States v. Carroll</u>, 567 F.2d 955, 959 (10th Cir. 1977)).

## LAW REGARDING JURISDICTION OF A
## FEDERAL COURT OVER AN IRS-ISSUED SUMMONS

The Court has jurisdiction and authority to issue orders compelling people to comply with the summons that the IRS issues. If the person to whom a summons is issued fails to comply, the United States must seek judicial enforcement under I.R.C. §§ 7402(b) and 7604(a). I.R.C. § 7402(b) provides that, "[i]f any person summoned under the internal revenue laws to appear, to testify, or to produce books, papers or other data, the district court . . . shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data." I.R.C. § 7402(b). I.R.C. § 7604 (a) also provides district courts with jurisdiction over summons enforcement proceedings using substantially identical language. See I.R.C. § 7604 (a) ("If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."). These I.R.C. sections confer authority upon the United States District Courts to issue orders compelling compliance with IRS' summonses.

## LAW REGARDING IRS SUMMONS ENFORCEMENT POWERS

Pursuant to I.R.C. §§ 7801 and 7802, Congress has charged the Secretary of the Treasury and the Commissioner of the IRS with the responsibility of administering and enforcing the I.R.C. See Lonsdale v. United States, 919 F.2d 1440, 1447 (10th Cir. 1990). I.R.C. § 6201 authorizes the Secretary to make "inquiries, determinations, and assessments of all taxes imposed by the Code." Also, I.R.C. § 7602 grants the IRS "expansive information-gathering authority" to encourage effective tax investigations. United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984).

The IRS must established a prima facie case for enforcement of the summonses by satisfying five requirements: (i) the IRS is conducting the current investigation of respondent for legitimate purposes; (ii) the information the IRS seeks in its summonses is relevant to the purposes of the investigation in that the testimony and documents sought will assist in determining a taxpayer's current ability to pay his or her delinquent taxes and the best available means for collecting those taxes; (iii) the IRS does not already possess the requested information (while it has some data for the years in question, it is insufficient to complete income tax returns); (iv) the administrative steps required by the I.R.C. were followed; and (v) a criminal referral has not been made to the Department of Justice.  See United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. LaSalle Nat'l Bank, 437 U.S. 298, 318 (1978); United States v. Scholbe, 664 F.2d 1163 (10th Cir. 1981). The phrase "Justice Department referral" is a term of art and includes a recommendation by the Secretary of the Treasury to the Attorney General to conduct a grand-jury investigation, or criminal prosecution, of the taxpayer for any offense connected with the administration or enforcement of the internal revenue laws, and any request under I.R.C. § 6103(h)(3)(B) for the disclosure of any return or return information relating to the taxpayer to the Department of Justice.  I.R.C. § 7602(d)(2)(a).

The United States' burden to demonstrate a prima facie case for enforcement is "a slight one because the statute must be read broadly to ensure that the enforcement powers of the IRS are not unduly restricted." United States v. Balanced Fin. Mgt., 769 F.2d at 1443; Codner v. United States, 17 F.3d 1331, 1332 (10th Cir. 1994).  As the United State Court of Appeals for the Tenth Circuit stated in  United States v. City National Bank & Trust Co., 642 F.2d 388 (10th Cir. 1981):

> Section 7602 of the Internal Revenue Code authorizes the Commissioner of Internal Revenue to summons books and records that may be relevant or material in determining a person's income tax liability. . . . [T]o obtain enforcement of his

>summons the Commissioner need only show that the material sought may be relevant to a proper purpose, that the Commissioner does not already possess the information, and that the proper administrative steps have been followed.

642 F.2d at 389 (internal citation omitted). In fact, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).

The person opposing the IRS summons must show that the IRS is seeking to enforce the summons in bad faith, see United States v. LaSalle National Bank, 437 U.S. at 307, or in an attempt to abuse the court's process, see United States v. Powell, 379 U.S. at 51. "As long as the summons[] are issued in good faith pursuit of the congressionally authorized purposes, and prior to any recommendation to the Department [of Justice] for prosecution, they [are] enforceable." United States v. LaSalle Nat'l Bank, 437 U.S. at 307. An abuse of process "would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him [or her] to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." United States v. Powell, 379 U.S. at 58. The burden of showing abuse of court process is on the taxpayer. Id. Similarly,

>those opposing enforcement of a summons do bear the burden to disprove actual existence of a valid civil tax determination or collection purpose by the Service. After all, the purpose of the good-faith inquiry is to determine whether the agency is honestly pursuing the goals of [26 U.S.C.] § 7602 by issuing the summons.

United States v. LaSalle Nat'l Bank, 437 U.S. at 317. This burden is a heavy one. See id.

### LAW REGARDING IRS SUMMONS AND
### THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION

"[T]he primary issue presented by a summons enforcement proceeding is not whether the IRS has established, or is even likely to establish guilt or liability on the taxpayer's part; rather, the issue is whether the IRS had a valid tax determination or collection purpose in issuing its summons."

United States v. White, 853 F.2d 107, 111 (2d Cir. 1988) (emphasis in original).  A blanket claim of privilege under the Fifth Amendment is not a valid assertion of the privilege in refusing to comply with an IRS summons.  See United States v. Schmidt, 816 F.2d 1477, 1481-82 (10th Cir. 1987)(holding that a "generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of the Fifth Amendment privilege in refusing to produce . . . documents requested by . . . summonses.").

To assert a valid claim of privilege under the Fifth Amendment in response to an IRS summons, the taxpayer must demonstrate that she has a "'reasonable cause to apprehend danger' upon giving a responsive answer that 'would support a conviction,' or 'would furnish a link in the chain of evidence needed to prosecute' [her] for a violation of the criminal [tax] statutes." United States v. Schmidt, 816 F.2d at 1481 (emphasis added) (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)). To satisfy this requirement, the taxpayer must "factually establish that the risks of incrimination resulting from [her] compelled testimonial communications [or from her act of producing documents are] 'substantial and real,' not merely trifling or imaginary hazards of incrimination." United States v. Schmidt, 816 F.2d at 1481 (quoting Marchetti v. United States, 390 U.S. 39, 53 (1968)).  A taxpayer cannot escape answering questions "merely because he declares that in so doing he would incriminate himself -- his say-so does not itself establish the hazard of incrimination." Hoffman v. United States, 341 U.S. at 486.

The mere assertion of privilege does not immunize the claimant; the court must determine whether his or her refusal is justified.  See id.  A taxpayer cannot "draw a conjurer's circle around the whole matter by his [or her] own declaration that to write any word upon the government blank would bring him [or her] into danger of the law."  United States v. Sullivan, 274 U.S. 259, 264 (1927).  The self-incrimination privilege may be invoked to protect the taxpayer from revealing the

information as to an illegal source of income, but does not protect him or her from disclosing the amount of his or her income. See United States v. Brown, 600 F.2d 248, 252 (10th Cir. 1979).

## ANALYSIS

The Court will not dismiss the Petition to enforce the IRS summonses. The Petitioners have made a prima-facie case for enforcement of the IRS summonses directed at Stoesser because they were issued for a proper purpose, the information the IRS seeks may be relevant to the summonses' purposes, the administrative steps of the I.R.C. have been followed, and there is no referral of Stoesser's case to the Department of Justice. Stoesser cannot resist compliance with the summonses by a blanket assertion of her Fifth Amendment privileges. Stoesser has not demonstrated that she has anything more than a generalized fear of prosecution because the IRS has not made a referral of her case to the Department of Justice. The Court will deny Respondent's Motion to Dismiss Petition to Enforce IRS Summons (Fifth Amendment) and Memorandum in Support of Protection Against Self-Incrimination Under the Fifth Amendment.

## I. THE PETITIONERS HAVE MADE A PRIMA FACIE CASE FOR ENFORCEMENT OF THE IRS SUMMONSES TO STOESSER.

The United States has shown that the IRS issued the September 22, 2006 summonses for a proper purpose, and that the information which the IRS seeks may be relevant to the summonses' proper purposes. Moreover, the IRS has followed the administrative steps the I.R.C. requires, and there is no Justice Department referral in effect for Stoesser. Finally, Stoesser has not rebutted the Petitioners' prima face case for enforcement of the IRS' summonses.

### A. THE SEPTEMBER 22, 2006 SUMMONSES WERE ISSUED FOR A PROPER PURPOSE.

The IRS' purpose in issuing the two summonses was to "obtain information to determine Dr. Stoesser's tax liability for 2000 and 2002-2005, because she did not file returns for those years," and

to obtain information to prepare a financial statement for Dr. Stoesser to determine her ability to pay her delinquent taxes for 1990, 1992-1996, and 2001." Petition at 1. Under 26 U.S.C.A. § 7602, the IRS is authorized to issue a summons for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." Id. The IRS meets the first prong of its prima facie case because its purposes are ones enumerated within I.R.C. § 7602. See United States v. Balanced Financial Mgmt., Inc., 769 F.2d at 1443; id. at 1443 n.1 (finding that the first prong of the prima-facie case is satisfied where the declared purpose was a listed purpose under I.R.C. § 7602).

**B.      THE INFORMATION THAT THE IRS SEEKS MAY BE RELEVANT TO THE PROPER PURPOSE OF THE SUMMONSES.**

Information sought by the IRS in the summonses "may be relevant" because it is potentially relevant to an ongoing investigation. United States v. Arthur Young & Co., 465 U.S. at 814. The Supreme Court has explained that

> § 7602's language indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in court. The language "may be" reflects Congress' intention to allow the IRS to obtain items of even potential relevance to the ongoing investigation, without reference to its admissibility. As a discovery tool, a § 7602 summons is critical to the IRS's investigative and enforcement functions.

United States v. Arthur Young & Co., 465 U.S. at 814. The IRS summonses seek information pertinent to the IRS' investigation of Stoesser's tax liability for 2000 and for 2002-2005, and to determine Stoesser's financial ability to pay delinquent taxes for 1990, 1992-1996, and 2001. See Petition ¶¶ 5-6, at 2. The information sought by the IRS is not its possession. See Pryor Decl. ¶ 8, at 2.

### C. THE ADMINISTRATIVE STEPS REQUIRED BY THE I.R.C. HAVE BEEN FOLLOWED.

I.R.C. § 7603(a) requires that a summons issued pursuant to I.R.C. § 7602 be served "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." I.R.C. § 7603(a). Officer Pryor's declaration reflects that he served the summons by leaving two attested copies in envelopes addressed to Stoesser on the front door of her residence. See Pryor Decl. ¶ 3, at 1. The IRS attached to its petition copies of the Service of Summons, that "shall be evidence of the facts [they] state[ ] on the hearing of an application for an enforcement of the summons." I.R.C. § 7603(a). See Petition, Exhibits A3 and A4. The IRS has followed the I.R.C's administrative steps in issuing the summonses to Stoesser.

### D. THERE IS NO JUSTICE DEPARTMENT REFERRAL IN EFFECT FOR STOESSER.

The I.R.C. precludes the IRS from issuing a summons or filing a petition to enforce a summons "if a Justice Department referral is in effect" with respect to the person whose liabilities are under investigation. I.R.C. § 7602(d). Pryor attested in his declaration that he has not made any recommendation and is not aware of any recommendation to refer Stoesser's tax matters to the Department of Justice. See Pryor Decl. ¶ 10, at 2. There was no Justice Department referral of Stoesser's case under I.R.C. § 7602(d)(2)(a).

## II. STOESSER HAS NOT REBUTTED THE PETITIONERS' PRIMA FACIE CASE FOR ENFORCEMENT OF THE IRS' SUMMONSES.

Stoesser has not sustained her heavy burden to rebut the IRS' prima facie case for enforcing the summonses. See United States v. LaSalle Nat'l Bank, 437 U.S. at 317 (noting that those opposing enforcement of a summons bear the heavy burden to disprove actual existence of a valid civil tax determination or collection purpose by the IRS). Stoesser has not rebutted the IRS' prima

facie case of enforcing the summonses, because she has not demonstrated that the IRS is seeking to enforce the summons in bad faith or in an attempt to abuse the court's process. See United States v. LaSalle Nat'l Bank, 437 U.S. at 307; United States v. Powell, 379 U.S. at 51. Stoesser has not demonstrated that the summonses "had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on [her] to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." United States v. Powell, 379 U.S. at 58.

### III.    STOESSER MAY NOT RELY UPON THE FIFTH-AMENDMENT PRIVILEGE AS A DEFENSE TO RESPONDING TO THE IRS' SUMMONSES AT THIS TIME.

Stoesser cannot resist enforcement of the summonses by making an blanket assertion of her Fifth Amendment privilege against self-incrimination to the information that the IRS requests in its summons to her. Stoesser's motion to dismiss the petition broadly invokes her Fifth Amendment privilege. See Motion. The Petitioners represent that, on March 21, 2007, Stoesser appeared at the IRS office in Roswell to meet with Pryor, but invoked the Fifth Amendment to each question that Pryor asked. See Pryor Decl. ¶ 7, at 2. On March 21, 2007, Stoesser filled out a Collection Information Statement for Businesses by putting "5th" as the answer to all questions. Response, Exhibit B2, Form 433-B, Collection Information Statement for Businesses ("Form 433-B"). On the last page of that form, Stoesser stated: "I have taken the 5th Amendment as any answer (true or false) or information might be held against me if I should be accused of a criminal offense." Id. at 5. On that same date, Stoesser also filled out a Collection Information Statement for Wage Earners and Self-Employed Individuals where she also wrote "5th" as her answer to almost all of the questions. Response, Exhibit B3, Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals ("Form 433-A"). Stoesser wrote on that form: "NOTE: I have taken my 5th Amendment privilege to protect myself in the case of a future problem or criminal

accusation." Id. at 6.

At the hearing on this motion, Stoesser asked the Court for a ruling on whether she could rely upon the Fifth Amendment. See Tr. at 3:21-4:1 (Stoesser). Stoesser did not indicate whether she had any opposition to appearing at the IRS offices at 10:00 a.m. on August 28, 2007. See id. at 4:7-10 (Court & Stoesser). Stoesser stated: "Well, only if you give a ruling that says I may not stand on the Fifth Amendment, maybe I will have to regroup, I guess. I don't really know what to say now." Tr. at 4:11-13 (Stoesser).

### A. BLANKET OBJECTION TO THE ISSUANCE OF THE IRS' SUMMONSES BASED ON THE FIFTH-AMENDMENT PRIVILEGE IS NOT A VIABLE DEFENSE.

Stoesser cannot resist enforcement of the summonses by making an "ineffectual, blanket assertion of [her] Fifth Amendment privilege against self-incrimination to the requested information." United States v. Bowers, No. 07-2099, 2007 WL 4355357 at *1 (10th Cir. December 13, 2007)(citing United States v. Schmidt, 816 F.2d at 1481-82). A blanket claim of privilege under the Fifth Amendment is not a valid assertion of the privilege and cannot be used to refuse to comply with an IRS summons. Thus, a "generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of the Fifth Amendment privilege in refusing to produce . . . documents requested by . . . summonses." United States v. Schmidt, 816 F.2d at 1481-82 .

The IRS is not conducting a criminal investigation of Stoesser, and has made no referral to the Department of Justice. See Pryor Decl. ¶ 10, at 2 (averring that he has not made any recommendation and is not aware of any recommendation to refer Stoesser's tax matters to the Department of Justice). Thus, Stoesser has not demonstrated that she has a "'reasonable cause to apprehend danger' upon giving a responsive answer that would support a conviction, or would

-15-

furnish a link in the chain of evidence needed to prosecute [her] for a violation of the criminal [tax] statutes." United States v. Schmidt, 816 F.2d at 1481 (internal quotations omitted). Stoesser has not "factually establish[ed] that the risks of incrimination resulting from [her] compelled testimonial communications [or from her act of producing documents are] substantial and real, not merely trifling or imaginary hazards of incrimination." United States v. Schmidt, 816 F.2d at 1481 (internal quotations omitted). Moreover, while the self-incrimination privilege may be invoked to protect the taxpayer from revealing the information as to an illegal source of income, it does not protect her from disclosing the amount of her income. See United States v. Brown, 600 F.2d at 252 (10th Cir. 1979).

**B.    ANY POTENTIALLY VIABLE DEFENSE BASED ON A FIFTH AMENDMENT PRIVILEGE IS NOT RIPE FOR REVIEW AT THIS TIME.**

Because the IRS has not made a Department of Justice referral on Stoesser's case, and because Stoesser thus does not face risk of incrimination, any potentially viable defense based upon a Fifth Amendment privilege is not ripe for the Court's review. See United States v. Schmidt, 816 F.2d at 1482 ("At the appropriate time, appellants may interpose their claim of Fifth Amendment privilege pertaining to specific documents and in response to individual questions upon their reasonable belief that a compulsory response by them to these testimonial matters will pose a substantial and real hazard of subjecting them to criminal liability. At that time, the appropriate parties could then seek judicial determination on each claim of privilege with respect to the specific documents summoned and questions asked by the IRS.")(internal citations omitted); United States v. Allee, 888 F.2d 208, 212 (1st Cir. 1989)("A district court (and this court, upon review) simply cannot make a determination as to the legitimacy of the interposition of the Fifth Amendment privilege, with respect to particular questions and documents, in advance."). Stoesser will need to

present herself for questions and will need to produce the requested data.  If she desires to invoke her Fifth Amendment rights to specific questions or specific documents, she may be able to do so in a more concrete context, but she may not invoke her privilege in the way that she has done.

**IT IS ORDERED** that the First Petition to Enforce IRS summons is granted and the Respondent's Motion to Dismiss Petition to Enforce IRS Summons (Fifth Amendment) and Memorandum in Support of Protection Against Self-Incrimination Under the Fifth Amendment is denied.  The Respondent must meet with IRS Revenue Officer, Mike Pryor, on January 29, 2008, at 9:00 a.m. at the IRS office in Roswell, New Mexico (500 N. Richardson, Room 113, Roswell, New Mexico), to provide the testimony and documents requested in the two IRS Summonses at issue, and to provide Officer Pryor with the testimony and documents constituting the Requested Information listed in the September 22, 2006 IRS Summons, attached as Exhibit B1 to the First Amended Petition to Enforce IRS Summons, and in the September 22, 2006 IRS Summons, attached as Exhibit B2 to the First Amended Petition to Enforce IRS Summons at that date, time, and location.  The IRS shall serve Respondent Annette Stoesser, M.D., with a copy of this Memorandum Opinion and Order, the First Amended Petition to Enforce Summons, the September 22, 2006 IRS Summonses, and all attached exhibits via personal service. If Respondent Annette Stoesser, M.D., fails to appear as ordered above, or fails to provide the Requested Information as ordered above, she may be held in contempt for failing to comply with this Court's Memorandum Opinion and Order, she may be arrested for civil contempt of Court, and she may be detained and held in the custody of the United States Marshall or his deputies until such time as she can appear before this Court and show cause why her failure to comply with this Court's Memorandum Opinion and Order should be excused.

Respondent Annette Stoesser, M.D., is forewarned that, upon a showing that she has failed

to comply with any of the commands of this Memorandum Opinion and Order, the Court may issue another order to serve as a warrant for her immediate arrest and detention by the United States Marshall or any of his deputies.

**SO ORDERED** this 17th day of January, 2008, in Albuquerque, New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Larry Gomez
  Acting United States Attorney
Cynthia L. Weisman
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Petitioners*

Annette Stoesser, M.D.

    *Respondent pro se*